UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br><br>   Plaintiff,<br><br>   v.<br><br>J. LOZANO, et al.,<br><br>   Defendants. | No. 2:19-cv-2152 TLN CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with claims arising under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint is 16 pages, identifies nine defendants, includes nine causes of action, and spans numerous events occurring over six months. Plaintiff's allegations include sexual harassment, doctored prison disciplinary proceedings, discrimination, improper calculation of good conduct sentence credit, denial of pay for work, multiple acts of retaliation, harmful conditions of confinement, and denial of due process all confusingly woven together in one narrative.

As plaintiff's complaint is not "short and plain," it must be dismissed. The court will, however, grant leave to file an amended complaint.

In his amended complaint, plaintiff may bring as many claims as he likes against a particular defendant. Fed. R. Civ. P. 18(a). But claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2). Vague allegations concerning conspiracy such as those made by plaintiff in his original complaint do not satisfy court rules regarding joinder of claims.

Any challenge to prisoner disciplinary proceedings which resulted in the revocation of good conduct sentence credit must be brought in a petition for writ of habeas corpus and not a 42 U.S.C. § 1983 action unless the revoked sentence credit has been restored. See Edwards v. Balisok, 520 U.S. 641, 646-47 (1996). Similarly, if plaintiff believes he has a claim for miscalculation of sentence credit, or intentional improper denial of credit, such claim must also be brought in a petition for writ of habeas corpus. In sum, plaintiff cannot bring claims in this action seeking restoration of sentence credit, or claims which imply the invalidity of a revocation of credit.

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood, v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations

omitted). "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).

Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Also, in order to avoid dismissal for failure to state a claim must have facial plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In order to state a claim for violation of the Eighth Amendment as it pertains to conditions of confinement, plaintiff must allege facts indicating at least deliberate indifference to a substantial risk of serious physical harm. Farmer v. Brennan, 511 U.S. 825, 828 (1994).

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.

In order to state a cognizable claim for violation of due process a plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. With respect to prisoners, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

The Equal Protection Clause generally protects against unequal treatment as a result of intentional or purposeful discrimination. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First

Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 23, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rial2152.14

4