UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS, | No. 2:19-cv-2152 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. LOZANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has requested the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of

legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Additionally, plaintiff filed a motion for extension of time to file a reply to defendants' answer to plaintiff's complaint. However, no reply is necessary as the court has not ordered one in this case. See Fed. R. Civ. P. 7(a)(7) (stating that a reply to an answer is allowed only "if the court orders one."). Therefore, the court denies plaintiff's motion for an extension of time as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 49) is denied without prejudice.

2. Plaintiff's motion for an extension of time (ECF No. 50) is denied as unnecessary.

Dated: November 2, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rial2152.31+36.docx

2