UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS, | No. 2:19-cv-02152-TLN-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| J. LOZANO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's first amended complaint alleging an Eighth Amendment sexual abuse claim against defendant Bowen and a failure to protect claim, also under the Eighth Amendment, against defendants Lozano and Footman. See ECF Nos. 15 (screening order), 21 (order adopting Findings and Recommendations dismissing remaining defendants and claims).

Currently pending before the court are defendants' motions for summary judgment based on plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF Nos. 57, 60. Plaintiff has filed an opposition and defendants have filed replies. ECF Nos. 75, 79, 80. For the reasons explained below, the undersigned recommends granting the motion for summary judgment filed by defendants Lozano and Footman. ECF No. 57. The court further recommends granting, in part, and denying, in part,

1  defendant Bowen's separately filed motion for summary judgment.

2        **I.**      **Ancillary Matters**

3      Before addressing the pending summary judgment motions, the court will address several

4  outstanding non-dispositive motions filed by the parties. On October 7, 2021, the court issued a

5  discovery and scheduling order governing this case. ECF No. 48. Discovery closed on February

6  11, 2022 and all pretrial motions were to be filed on or before May 6, 2022. ECF No. 48.

7  Several weeks prior to the close of discovery, plaintiff filed a request for the issuance of four

8  subpoenas duces tecum to various non-parties. ECF No. 56. That same week, defendants filed a

9  joint motion to stay all merits-based discovery and to vacate all pending deadlines until their

10  pending summary judgment motions on exhaustion were resolved. ECF No. 61. The court

11  granted defendants' joint motion on February 2, 2022 and stayed the discovery period as it related

12  to the merits of plaintiff's claims and vacated the deadlines set by the discovery and scheduling

13  order. ECF No. 48. The court noted that an amended discovery and scheduling order would be

14  set as necessary after a ruling on defendants' summary judgment motions. ECF No. 48.

15      In light of the court's order granting a stay of all merits-based discovery, plaintiff's

16  request for subpoenas is premature because none of the requested documents pertain to the

17  exhaustion issue pending before the court. As a result, the court denies plaintiff's request for

18  subpoenas at this time.

19      Plaintiff also filed a request for judicial notice of facts related to voyeurism and various

20  CDCR regulations and policies. ECF No. 55. Defendants filed a joint opposition to this motion.

21  ECF No. 62. The court denies plaintiff's request for judicial notice as the facts to be noticed are

22  not relevant to the resolution of the pending summary judgment motions on exhaustion. See Ruiz

23  v. City of Santa Maria, 160 F.3d 543, 548 n. 13 (9th Cir. 1998).

24      By order dated November 2, 2021, the court denied plaintiff's motion for an extension of

25  time to file a reply to defendants' answers by informing him that "no reply is necessary as the

26  court has not ordered one." ECF No. 51 (citing Fed. R. Civ. P. 7(a)(7)). Despite this court order,

27  plaintiff filed two separate replies to defendants' answers. See ECF Nos. 52, 54. On January 18,

28  2022, defendants filed a joint motion to strike plaintiff's replies to their answers as unauthorized

pleadings. ECF No. 64. Because these pleadings were filed in violation of a court order, defendants' motion to strike is granted. The court will direct the Clerk of Court to strike these pleadings from the docket.

## II.      Motions for Summary Judgment

In their motion for summary judgment, defendants Lozano and Footman assert that the undisputed material facts demonstrate that plaintiff failed to exhaust his administrative remedies with respect to the Eighth Amendment failure to protect claims against them. ECF No. 57. Defendants submit that plaintiff's "relevant appeal only concerned allegations against defendant Bowen regarding alleged staff misconduct for November 29, 2018, and plaintiff added new claims regarding alleged subsequent events involving Bowen after he appealed to the Office of Appeals." ECF No. 57-1 at 1.

In a separately filed motion for summary judgment, defendant Bowen asserts that plaintiff failed to properly exhaust his administrative remedies because he added new claims of sexual misconduct that occurred after November 29, 2018 in his appeal to the third level of administrative review. ECF No. 60. According to defendant Bowen, CDCR regulations required plaintiff to submit a new 602 administrative grievance concerning these subsequent sexual misconduct allegations. ECF No. 60 at 8. Defendant Bowen expressly concedes that "[a]s of the date the original Complaint was filed on October 24, 2019, the only claim that was arguably exhausted by the filing of Appeal Log Number CMF-M-19-00128 was Plaintiff's claim that C. Bowen asked Plaintiff to undress without giving any reasonable justification related to legitimate penological interest." ECF No. 60 at 9. As to this claim, defendant Bowen argues that the factual allegations do not rise to the level of an Eighth Amendment violation because there was no alleged touching or physical injury that plaintiff suffered. ECF No. 60 at 10. Defendant Bowen equates the Eighth Amendment sexual abuse claim against him to a claim of mere verbal harassment. ECF No. 60 at 9-10. Therefore, defendant Bowen seeks summary judgment on the merits of the Eighth Amendment sexual abuse claim against him. ECF No. 60 at 10.

In his opposition to the summary judgment motions, plaintiff explains that his failure to protect claims against defendants Lozano and Footman are based on their decision to allow

defendant Bowen "unfettered access" to plaintiff after he filed his administrative grievance in January. ECF No. 75 at 5. Plaintiff does not explain how he exhausted his administrative appeal with respect to the claims against defendants Lozano and Footman. Regarding his exhaustion of his administrative remedies, plaintiff contends that his 602 grievance "included all facts known and available to him regarding the sexual misconduct, naming Bowen as the staff member responsible and [he] exhausted that appeal up to and including the Third Level of Review." ECF No. 75 at 2. He acknowledges adding additional incidents of "physical contact and intensified sexual harassment by defendant C. Bowen" into his appeal from the second level of administrative review filed on April 6, 2019. ECF No. 75 at 4. With respect to the merits of the Eighth Amendment claim against defendant Bowen, plaintiff contends that "Bowen's admitted solicitation of a sexual act from plaintiff on November 29, 2018 and subsequent sexual fondling far exceed the threshold of a constitutional violation…." ECF No. 75 at 3.

   Plaintiff separately filed a request for the court to defer resolution of the pending summary judgment motions in accordance with Local Rule 260(b) because additional discovery is necessary. ECF No. 75-1. In support of this request, plaintiff points to defendants' Statement of Undisputed Facts In Support of Summary Judgment re: Exhaustion." ECF No. 75-1 at 3. However, plaintiff admits all but two of these undisputed facts, one of which pertains to the merits of the claim against defendant Bowen. ECF No. 75-2. Concerning the issue of exhaustion, plaintiff argues that "discovery is needed to determine if the Office of Appeals did provide information of the alleged conduct of C. Bowen after Plaintiff reported it at the T[hird] L[evel of] R[eview] to the Office of Internal Affairs (OIA) who then notified Defendant J. Lozano…." ECF No. 75-2 at 3.

   In reply to plaintiff's opposition, defendant Bowen submits that he "has met his burden to prove that there was an available administrative remedy, and that Plaintiff did not exhaust that available remedy as to events that allegedly occurred after November 29, 2018. ECF No. 79 at 1-2. With respect to plaintiff's request for further discovery, defendant Bowen argues that this motion does not meet the requirements of Rule 56(f) of the Federal Rules of Civil Procedure, and it should be denied. ECF No. 79 at 2-3. Lastly, defendant Bowen requests summary judgment

on the merits of the Eighth Amendment claim pertaining to the events of November 29, 2018. ECF No. 79 at 3-4.

Defendants Footman and Lozano filed a separate reply to plaintiff's opposition. ECF No. 80. These defendants first counter that plaintiff failed to comply with Local Rule 260 by reproducing Defendants' Statement of Undisputed Facts or submitting specific evidence in support of the disputed facts. ECF No. 80 at 2. Without regard to form, defendants point out that "[p]laintiff also did not provide any additional factual information concerning [d]efendants Lozano and Footman's motion in his opposition…." ECF No. 80 at 2. Specifically, plaintiff fails to demonstrate how Appeal Log No. CMF-M-19-00128 alleged any wrongdoing on the part of defendants Lozano or Footman. ECF No. 80 at 3. Thus, the prison was not alerted to the specific failure to protect claims against them. Plaintiff's new factual allegations submitted at the third level of administrative review did not comply with CDCR's appeal procedures and therefore was sufficient to properly exhaust any additional claims. ECF No. 80 at 4 (citing Cal. Code Regs. tit. 15, § 3084.1(b)). Defendants also submit that plaintiff is not entitled to additional discovery pursuant to Rule 56 of the Federal Rules of Civil Procedure because the parties agree that Appeal Log No. CMF-M-19-00128 is the only issue in dispute. ECF No. 80 at 5.

Before addressing the merits of the pending summary judgment motions, the court addresses plaintiff's request for additional discovery to support his opposition. Local Rule 260(b) requires the party opposing summary judgment to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." The only specific facts that plaintiff identifies in his request for discovery relate to whether the Office of Appeals forwarded information to the Office of Internal Affairs. However, the exhaustion of administrative remedies does not require prisoners to report staff misconduct to the Office of Internal Affairs. See Cal. Code regs. tit. 15 §§ 3084.1(b), 3084.7(d)(3) (2018) (repealed June 1, 2020) (describing three levels of administrative review necessary to properly exhaust a prisoner's grievance). Therefore, this information would not be relevant to, or assist plaintiff in, opposing the pending summary judgment motions. Accordingly, plaintiff's request for additional discovery is denied.

### III. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a

material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84

7

(2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." Albino, 747 F.3d at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. Id. at 1171.

**IV.     Allegations in the First Amended Complaint**

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at the California Medical Facility where defendant Lozano was the warden. In his verified amended complaint, plaintiff alleges that on November 29, 2018, defendant Bowen, who was a

correctional officer, opened his cell door and asked him to undress "without giving any reasonable justification related to legitimate penological interest." ECF No. 14 at 3. Plaintiff further alleges that defendant Bowen made the request "for his own sexual gratification, or for the purpose of humiliating, degrading and demeaning the Plaintiff." ECF No. 14 at 3. Plaintiff verbally reported this misconduct to defendant Footman on January 1, 2019 and filed an inmate grievance about it on January 3, 2019. Id. After reporting the misconduct, defendant Bowen blocked plaintiff's path on several occasions. Id. at 4. He also sexually fondled plaintiff "by rubbing and pressing" his private parts against plaintiff when he was entering or exiting his cell. Id. Plaintiff also alleged that defendant Bowen made "inciteful statements" to him and looked at him in a "lecherious" [sic] manner. Id. at 3. Defendants Lozano and Footman "failed to protect Plaintiff from Defendant C. Bowen's sexual fondling by allowing him unfettered access and undue influence over Plaintiff… after filing [his] grievance…." Id. at 4.

### V. Undisputed Material Facts[1]

Plaintiff does not dispute the existence of an administrative remedy at the California Medical Facility. The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal "any policy, decision, action, condition, or omission by the department or its staff" that has a material adverse effect on the health, safety, or welfare of inmates. Cal. Code Regs. tit. 15, § 3084.1(a) (2018) (repealed June 1, 2020). A prisoner initiates an inmate appeal by submitting a CDCR 602 Form. Defendants' Separate Statement of Undisputed Facts ("DSUF") at No. 6.[2] Inmates must follow the procedures outlined in California Code of Regulations, Title 15, sections 3084.1 through 3085, by describing the problem and the action requested in the appeal form. DSUF at No. 7. The level of specificity required in the appeal is described by regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification

---

[1] All facts are undisputed by the parties unless otherwise indicated.
[2] All references to "DSUF" refers to the Statement of Undisputed Facts submitted by defendants Lozano and Footman. ECF No. 57-2. The court also notes that defendant Bowen filed a Notice of Joinder to the motion for summary judgment filed by defendants Lozano and Footman. See ECF No. 59.

> of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3)–(4) (2018) (repealed June 1, 2020). According to CDCR regulations, inmates are only permitted to grieve one issue per appeal. DSUF at No. 11, Cal. Code Regs. tit. 15, § 3084.6(b)(8).

In 2018 and 2019, the relevant time period for exhaustion purposes, California regulations required that inmates pursue administrative grievances through three levels of review to exhaust their administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3) (2018) (repealed June 1, 2020). At the first level of administrative review, the CDCR 602 form is submitted to the appeals coordinator at the prison. DSUF at No. 8, Cal. Code Regs. tit. 15, § 3084.1, 3084.7 (2018). The appeals coordinator may bypass the first level of review under certain circumstances. DSUF at No. 8, Cal. Code Regs. tit. 15 § 3084.1, 3084.7 (2018). If the inmate is not satisfied with the decision at the first level, he may appeal to the second level. Id. The second level of administrative review must be completed before appealing to the Appeals Chief who conducts the third level of review. Id. A decision at the third level of review constitutes the decision of the Secretary of the California Departments of Corrections and Rehabilitations and is necessary to properly exhaust administrative grievances. Id.

When an inmate submits an appeal that does not comply with the regulations governing the appeal process, an appeals coordinator will reject the return the appeal with the reason for the rejections and provide instructions on how to correct the defect, if possible. DSUF at No. 10, Cal. Code Regs. tit. 15, §§ 3084.6(b), (c), and (e) (2018).

The administrative appeals process at CDCR and CMF was available to plaintiff and plaintiff utilized the administrative appeals process between November 29, 2018, when the incidents in plaintiff's first amended complaint occurred, and October 24, 2019, when plaintiff

filed suit. DSUF at No. 14; but see Saddozai v. Davis, ___ F.4th ___, 2022 WL 1613616 (9th Cir. May 23, 2022) (concluding that the filing date of plaintiff's amended complaint was the only relevant pleading for determining exhaustion of administrative remedies). During this time period, plaintiff submitted multiple non-medical appeals to CMF's appeals office and the Office of Appeals that were accepted for review. DSUF at No. 15.

The administrative appeal that relates to the allegations in plaintiff's amended complaint was assigned **Appeal Log Number CMF-M-19-00128**. DSUF at Nos. 15-16. Plaintiff submitted this appeal on January 3, 2019 indicating that on November 29, 2018, at or about 6:10 a.m., officer Bowen opened his cell door and asked plaintiff to disrobe. ECF No. 57-4 at 59 (CDCR 602 Form), DSUF at No. 17, Bowen's Statement of Undisputed Facts ("BSUF"), at No. 10. Plaintiff indicated that the request was not related to Bowen's official duties but was solely sexual in nature. ECF No. 57-4 at 61 (CDCR 602 Form), DSUF at No. 17. Plaintiff refused to undress for defendant Bowen who then closed plaintiff's cell door and left. Id. In order to discourage plaintiff from reporting his sexual misconduct, defendant Bowen manufactured a false Rules Violation Report (log number 06120552) against plaintiff. Id. As part of plaintiff's grievance, he indicated that he reported Bowen's behavior to Lieutenant Footman on January 1, 2019. Id. No other officers were mentioned in plaintiff's grievance. Id.

Appeal Log Number CMF-M-19-00128 was received by the inmate appeals office at CMF on or about January 4, 2019 where it bypassed the first level of administrative review. DSUF at No. 17.

On March 19, 2019, the second level appeal response informed plaintiff that his grievance was referred for an appeal inquiry and the matter would be referred to the Office of Internal Affairs ("OIA") for follow-up and a possible investigation. DSUF at No. 18. If OIA investigated the matter, plaintiff would be notified as to whether the allegations were sustained, not sustained, unfounded, exonerated, or no finding was possible. DSUF at No. 18. If OIA declined to investigate, the matter would be returned to the institution for completion of an inquiry as to whether staff violated policy. Id. Appeal Log Number CMF-M-19-00128 was partially granted at the second level of review in that the matter was referred to the OIA for review and possible

investigation. Id. Plaintiff was further notified that he could appeal this decision to the third level of review which would be necessary to exhaust his administrative remedies. Id.

On April 6, 2019, plaintiff appealed this grievance to the third level of administrative review. ECF No. 57-4 at 62 (CDCR 602 Form), BSUF at No. 12. In describing his dissatisfaction with the second level appeal response, plaintiff indicated that since November 29, 2018 defendant Bowen subjected him to ongoing "lecherous and wanton" looks and incidental physical contact when opening and closing plaintiff's cell door and "has consistently initiated [this] sight and sound contact" with plaintiff "in furtherance of his sexual misconduct." ECF No. 57-4 at 62 (CDCR 602 Form). The Office of Appeals ("OOA") received this appeal on April 22, 2019 and denied it on July 30, 2019. DSUF at No. 19, BSUF at No. 13. The third level appeal response did not specifically address any of the ongoing misconduct by defendant Bowen that occurred after November 30, 2018. DSUF at No. 19, BSUF at No. 13.

Plaintiff did not submit any other appeals relevant to the allegations in the first amended complaint during the relevant time period. DSUF at No. 20.

**VI.     Analysis**

The court finds that defendants have carried their initial burden of proving the availability of an administrative remedy. Therefore, the burden shifts to plaintiff to come forward with evidence that there was something in his particular case that made the existing administrative remedies effectively unavailable to him or that he has otherwise properly exhausted his claims. Williams v. Paramo, 775 F.3d at 1191. In this case, the parties agree that the only relevant administrative grievance that plaintiff filed was Appeal Log Number CMF-M-19-00128.

The court finds that the undisputed material evidence shows that plaintiff did not describe the actions of defendants Lozano and Footman in Appeal Log Number CMF-M-19-00128 which form the basis of the allegations against them in his first amended complaint. Although plaintiff's 602 form mentions defendant Lozano by name, it does not reference any wrongdoing by this defendant. Therefore, plaintiff did not provide the appeal coordinator at the prison with sufficient information to respond to the allegations that defendants Lozano and Footman failed to protect him from the sexual abuse by defendant Bowen. See Cal. Code Regs. tit. 15, § 3084.2(a) (2018)

(requiring inmate to identify all staff involved and to describe their involvement in the issue); Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (concluding that a grievance that complained of visitation restrictions, and did not mention an assault or that the visitation restriction was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault).  For all these reasons, the court recommends granting the motion for summary judgment filed by defendants Lozano and Footman.

Defendant Bowen's motion for summary judgment focuses on the allegations of ongoing sexual misconduct that were added to plaintiff's administrative appeal at the third level of review. The undisputed material facts demonstrate that these allegations of ongoing misconduct were not addressed by the third level of administrative review or any other level of review because plaintiff did not include them in his initial 602 form.  By raising a new issue at the third level of review, the court finds that plaintiff did not comply with CDCR regulations and therefore did not properly exhaust his claim pertaining to ongoing sexual misconduct by defendant Bowen that occurred after November 29, 2018.  See Cal. Code Regs. tit. 15, § 3084.2(a)(4) (2018) (requiring inmate to "state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form"); Cal. Code Regs. tit. 15, § 3084.1(b) (2018) (administrative remedies not exhausted as to "any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602").  Even though plaintiff submitted his original 602 appeal form over one month after the initial events of November 29, 2018, he did not include any allegations of ongoing misconduct by defendant Bowen.  Plaintiff's administrative appeal did not comply with CDCR regulations requiring all known and available facts to be presented in the original 602 form.  See Tate v. Andres, No. 2:18-cv-0822-KJM-AC-P, 2022 WL 1104016 (E.D. Cal. 2022).  Therefore, defendant Bowen is entitled to summary judgment for plaintiff's failure to exhaust the claim of ongoing sexual misconduct.

As to defendant Bowen's motion for summary judgment on the merits of the Eighth Amendment sexual abuse claim based on events of November 29, 2018, the court finds that it is premature because all merits-based discovery has been stayed.  See ECF No. 65.  As a result, the

13

undersigned recommends denying defendant Bowen's summary judgment motion on the merits of the remaining Eighth Amendment claim without prejudice to renewal at a later stage of the proceedings.

**VII.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is recommending that the motion for summary judgment be granted as to defendants Lozano and Footman.  It is also recommending that defendant Bowen's motion for summary judgment be granted as to the events occurring after November 29, 2018.  The court recommends denying defendant Bowen's motion for summary judgment on the merits of the Eighth Amendment claim without prejudice to renewal at a later date because discovery about the underlying facts you allege has been stayed.  These recommendations, if adopted by the district court judge, will end your case against defendants Lozano and Footman.  It will narrow the Eighth Amendment claim against defendant Bowen to the facts that occurred on November 29, 2018 as alleged in your first amended complaint.

If you disagree with these recommendations in your case, you may explain why they are not the correct result.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations" and file it with the court within 14 days from the date of this order.  The district court judge assigned to your case will review your objections and make the final decision in a written order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for issuance of subpoenas (ECF No. 56) is denied as premature.
2. Plaintiff's request for judicial notice (ECF No. 55) is denied.
3. Defendants' joint motion to strike (ECF No. 64) is granted.
4. The Clerk of Court is directed to strike plaintiff's replies to defendants' answers (ECF Nos. 52, 54) from the docket since they were filed in violation of the court's November 2, 2021 order.
5. Plaintiff's request for additional discovery and to defer resolution of the pending

motions for summary judgment (ECF No. 75-1) is denied for the reasons explained herein.

IT IS FURTHER RECOMMENDED that:

1. The motion for summary judgment filed by defendants Lozano and Footman (ECF No. 57) be granted.
2. Plaintiff's claims against defendants Lozano and Footman be dismissed without prejudice for failing to exhaust administrative remedies.
3. Defendant Bowen's motion for summary judgment (ECF No. 60) be granted, in part, and denied, in part.
4. Plaintiff's claim involving ongoing sexual misconduct by defendant Bowen be dismissed without prejudice for failing to exhaust administrative remedies.
5. This case be allowed to proceed on the remaining Eighth Amendment sexual abuse claim against defendant Bowen.
6. Defendant Bowen's motion for summary judgment on the merits be denied without prejudice to renewal at a later stage of the proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 2, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rial2152.msj.exhaust.CJRA