UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br><br>            Plaintiff,<br><br>      v.<br><br>J. LOZANO, et al.,<br><br>            Defendants. | No.  2:19-cv-02152-DJC-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's first amended complaint alleging an Eighth Amendment sexual abuse claim against defendant Bowen.[1] Currently pending before the court is defendant's motion for summary judgment which has been fully briefed by the parties. See ECF Nos. 101, 104-105. Also pending before the court is plaintiff's motion in limine as well as defendant's motion to strike the motion in limine as prematurely filed. ECF Nos. 99-100. For the reasons explained below, the undersigned recommends granting defendant's summary judgment motion and denying plaintiff's motion in

---

[1] Plaintiff's Eighth Amendment claim pertaining to ongoing sexual misconduct by defendant Bowen that occurred after November 29, 2018 was dismissed without prejudice by order dated July 19, 2022 for failing to exhaust administrative remedies. See ECF No. 85. Therefore, the Eighth Amendment claim before the court is limited to the events that occurred on November 29, 2018.

limine.

## I.   Allegations in the First Amended Complaint[2]

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at the California Medical Facility.  Plaintiff alleges that at about 6:10 a.m. on November 29, 2018, defendant Bowen, who was a correctional officer, opened his cell door and asked him to undress "without giving any reasonable justification related to legitimate penological interest."  ECF No. 14 at 3.  Plaintiff further alleges that defendant Bowen made the request "for his own sexual gratification, or for the purpose of humiliating, degrading and demeaning the Plaintiff."  ECF No. 14 at 3.

## II.   Defendant's Motion for Summary Judgment

Defendant Bowen moves for summary judgment because the undisputed material facts demonstrate that there was no physical touching that occurred on November 29, 2018, and plaintiff's claim for alleged verbal harassment is not sufficient to establish an Eighth Amendment violation as a matter of law.  ECF No. 101 at 6 (citing Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)).  Moreover, plaintiff's asserted emotional injury does not rise to the level of "severe psychological pain" to state an Eighth Amendment claim.  ECF No. 101 at 6-7.

In his opposition to the summary judgment motion, plaintiff contends that defendant Bowen's conduct on November 29, 2018, amounted to voyeurism.  ECF No. 104 at 4.  He relies on the Prison Rape Elimination Act that includes voyeurism within the definition of sexual abuse.[3]  Id.  Additionally, plaintiff submits that no injury is required to establish a sexual abuse claim.  Id. at 6.  Plaintiff submits evidence that defendant Bowen was not conducting a cell search when he asked plaintiff to strip out.  ECF No. 104 at 32 (Disciplinary Hearing Results finding

---

[2] The allegations in the amended complaint may be construed as an affidavit in opposition to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure when they are made under penalty of perjury.  See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995).

[3] Voyeurism is defined therein as "an invasion of privacy of an inmate… by staff for reasons unrelated to official duties, such as peering at an inmate who is using a toilet in his or her cell to perform bodily functions; requiring an inmate to expose his or her buttocks, genitals, or breasts; or taking images of all or part of an inmate's naked body or of an inmate performing bodily functions."  28 C.F.R. § 115.6(8)(2).

plaintiff not guilty of possessing a cell phone on November 29, 2018). According to plaintiff, this demonstrates the absence of any penological justification for defendant's conduct. Id. at 4-5.

In reply, defendant emphasizes that "[p]laintiff's statement of a single 'disputed fact' relates to a matter not relevant to the determination of the motion and would not preclude summary judgment for defendant. Whether there was or was not a search of plaintiff's cell on November 29, 2018, is nothing that would preclude summary judgment on the allegation that defendant violated plaintiff's constitutional rights." ECF No. 105 at 2. Defendant further notes that there is no private right of action under § 1983 for engaging in voyeurism as defined by the Prison Rape Elimination Act ("PREA") cited by plaintiff. ECF No. 105 at 3.

Plaintiff filed an objection to defendant's evidence in the reply brief in accordance with Local Rule 230(m)(1). ECF No. 106. Specifically, plaintiff takes issue with defendant's denial that any penological justification for his request to strip out was necessary. Id.[4] Plaintiff argues that this statement is in dispute. Id.

### III. Legal Standards

#### A. Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See

---

[4] He cites defendant's answer filed on October 4, 2021, in which defendant "admits the allegations but denies the implication that any explanation was necessary." ECF No. 46 at 2.

1 Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an
2 essential element of the nonmoving party's case necessarily renders all other facts immaterial."
3 Id. If the moving party meets its initial responsibility, the burden then shifts to the opposing party
4 to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec.
5 Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the
6 existence of this factual dispute, the opposing party may not rely upon the allegations or denials
7 of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
8 and/or admissible discovery material, in support of its contention that the dispute exists or show
9 that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed.
10 R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
11 fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
12 governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
13 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
14 genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
15 party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the
16 endeavor to establish the existence of a factual dispute, the opposing party need not establish a
17 material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be
18 shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."
19 T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the
20 pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
21 Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
22 amendments).
23     In resolving the summary judgment motion, the evidence of the opposing party is to be
24 believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the
25 facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475
26 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
27 obligation to produce a factual predicate from which the inference may be drawn. See Richards
28 v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

4

1  (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than
2  simply show that there is some metaphysical doubt as to the material facts.... Where the record
3  taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
4  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### B. Standard Governing Sexual Abuse Claim

The Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const., amend. VIII. At its core, the Eighth Amendment protects against intrusions that offend "the basic concept of human dignity." Gregg v. Georgia, 428 U.S. 153, 182-83 (1976). To establish an Eighth Amendment violation, plaintiff must prove that a prison official acted "with a sufficiently culpable state of mind" and the alleged wrongful conduct was objectively "harmful enough" to establish a constitutional violation. Hudson v. McMillian, 503 U.S. 1, 8 (1992). More specifically, the Eighth Amendment prohibits the sexual harassment or abuse of an inmate by a corrections officer. Wood, v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). When the prisoner can establish that a sexual assault was committed by a prison guard, courts "presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild, 947 F.3d at 1144. The objective component of the Eighth Amendment is met when "the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the [search] procedure." Bearchild, 947 F.3d at 1145 (recognizing that an Eighth Amendment sexual assault claim includes both a subjective and objective component).

### IV. Undisputed Material Facts

On November 19, 2018, plaintiff refused to comply with defendant Bowen's request to "strip out." Defendant's Statement of Undisputed Facts ("DSUF") No. 5 at ECF No. 101-4.

1  After making this request, defendant Bowen had no physical contact with plaintiff. DSUF No. 9
2  at ECF No. 101-4. After plaintiff refused to "strip out," defendant Bowen closed plaintiff's cell
3  door and left. DSUF No. 6 at ECF No. 101-4. Defendant Bowen did not make any comments of
4  a sexual nature to plaintiff before leaving and did not say anything else to plaintiff. DSUF Nos.
5  7-8 at ECF No. 101-4.

6  **V.    Analysis**

7  The undersigned finds that defendant has met his initial burden of informing the court of
8  the basis for the motion and identifying those portions of the record which he believes
9  demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to
10 plaintiff to establish the existence of a genuine issue of material fact with respect to his Eighth
11 Amendment sexual abuse claim. See Matsushita Elec. Indus., 475 U.S. at 586 (1986). The court
12 has reviewed plaintiff's verified amended complaint and his opposition to the pending motion.
13 Drawing all reasonable inferences from the evidence submitted in plaintiff's favor, the court
14 concludes that plaintiff has not submitted sufficient evidence at the summary judgment stage to
15 create a genuine issue of material fact with respect to his claim that the defendant sexually abused
16 or harassed him in violation of the Eighth Amendment.

17 The undisputed material facts demonstrate that defendant Bowen did not touch plaintiff on
18 November 29, 2018, and he made no comments to him that were sexual in nature. Absent any
19 such evidence, a rational trier of fact could not find that defendant Bowen objectively engaged in
20 conduct for his own sexual gratification, or for the purpose of humiliating, degrading, or
21 demeaning the prisoner. Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020); see also
22 Wattison v. Carter, 668 F.3d 1108 (9th Cir. 2012). Merely looking at plaintiff while he was fully
23 clothed without more is not sufficient to establish sexual harassment under the Eighth
24 Amendment. See Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000) (distinguishing
25 between claims of sexual harassment that involve physical contact and state a claim and those that
26 do not involve physical contact and therefore do not state a claim); Austin v. Terhune, 367 F.3d
27 1167, 1171-72 (9th Cir. 2004) (holding that officer exposing himself to inmate from a distance,
28 without physical contact, was not "sufficiently serious" to constitute an Eighth Amendment

violation); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) (explaining that "[t]o hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Since the Prison Rape Elimination Act ("PREA") does not create a private right of action, its definition of voyeurism does not preclude summary judgment as plaintiff argues. See Porter v. Jennings, No. 1:10-cv-1811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases). For all these reasons, the undersigned recommends granting defendant's motion for summary judgment.

## VI.  Plaintiff's Motion in Limine

Also pending before the court is plaintiff's motion in limine which requests the court to take judicial notice of certain legislative facts "for purposes of summary judgment" and to make specific evidentiary rulings at trial. ECF No. 99.

Defendant filed a motion to strike the motion in limine on the basis that it is premature because there is no scheduled trial date. ECF No. 100. Defendant also asserts that the motion in limine was filed in violation of the court's Amended Discovery and Scheduling Order as well as the Rules of Civil Procedure. ECF No. 100.

Plaintiff opposed the motion to strike by arguing that the motion in limine was filed in an effort to "bar[] specified evidence, argument, and limiting the subjects about which testimony may be offered as well as to resolve disputes about whether certain factual and legal matters are subject to judicial notice…." ECF No. 102 at 2.

In reply to plaintiff's opposition, defendant points out that Local Rule 281(b)(5) requires motions in limine to be included in the parties pretrial statements after a trial date has been set. ECF No. 103. As no trial date has been set in this matter, plaintiff's motion in limine is premature. Id.

Based on the recommendation to grant defendant Bowen's summary judgment motion, the undersigned recommends denying plaintiff's motion in limine as moot and denying defendant's motion to strike it from the docket as unnecessary.

/////

### VII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motion for summary judgment, as well as the evidence submitted by you and the defendant, and has concluded that the facts of your case are not sufficiently in dispute to have a trial on your Eighth Amendment sexual abuse claim. This means that your case will end without a trial.

You have fourteen days to explain to the court why this is not the correct outcome in your case. If you choose to do this you should label your explanation as, "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion for summary judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Bowen's motion for summary judgment (ECF No. 101) be granted.
2. Plaintiff's motion in limine (ECF No. 99) be denied as moot in light of the recommendation to enter judgment in favor of defendant.
3. Defendant's motion to strike plaintiff's motion in limine (ECF No. 100) be denied as unnecessary.
4. Plaintiff's requests for subpoenas (ECF Nos. 97-98) also be denied as moot.
5. The Clerk enter judgment in favor of defendant Bowen and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////
/////
/////

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2023

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rial2152.msj.bowen